RECEIVED
IN ALEXANDRIA, LA
SEP 10 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SCOTT AND COURTNEY DOYLE** | : | **DOCKET NO. 07-0655** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **AUTO CLUB FAMILY INSURANCE COMPANY** | : | **MAGISTRATE JUDGE HILL** |

### MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (doc. # 12) filed by defendant, Auto Club Family Insurance Company ("ACFIC") wherein the movers seek summary judgment in their favor pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiffs oppose the motion. For the following reasons, the motion will be denied.

### FACTUAL STATEMENT

Plaintiffs, Scott and Courtney Doyle, own a home located at 4101 Fernwood Drive, Lake Charles, Louisiana. Defendant, ACFIC issued a policy of homeowner's insurance to Plaintiffs providing coverage for the residence. On or about September 24, 2005, Hurricane Rita struck Lake Charles and damaged the home. Pursuant to Plaintiffs' claims, ACFIC paid the following sums: $1,500.00 on December 21, 2005; $8,000.00 on January 25, 2006, $57,152.57 on February 15, 2006, and $196,758.63 on July 5, 2006.

The ACFIC policy imposes obligations upon the insured, which in pertinent part are as follows:

> 2. **An Insured's Duties After Loss.** In case of a loss to covered property, **you** must see that the following duties are complied with. **We** have no duty or obligation to provide any coverage under this policy unless **you** or **any insured** making a claim under this policy have fully complied with the following conditions and duties:

   a. Give prompt notice to **us**;
   b. Notify the police in case of loss by theft;
   c. Notify the credit card or fund transfer card company in case of loss under Credit Card or Fund Transfer Card coverage;
   d. Protect the property from further damage. If repairs to the property are required **you** must;
    (1) Make reasonable and necessary repairs to protect the property; and
    (2) Keep an accurate record of repair expenses;
   e. Prepare and submit to **us** within 60 days of the loss an inventory of damaged personal property using the forms **we** provide showing the quantity, description, place of purchase, date of purchase, original cost, actual cash value, replacement cost and amount **you** are claiming as a loss. **You** must attach all bills, receipts and related documents that justify the figures in the inventory.
   f. As often as we reasonably require:
    (1) Show the damaged property;
    (2) Provide **us** with records and documents **we** request and permit **us** to make copies; and
    (3) Any **insured** must submit to examination under oath, as often as **we** may reasonably request, while not in the presence of any other **insured**, and sign the same;
   g. Send to **us**, within 60 days after **our** request, **your** signed, sworn proof of loss, using the form **we** provide . . . .[1]

The policy further provides that "no action can be brought unless the policy provisions have been fully complied with."[2] On November 28, 2006 ACFIC forwarded to Plaintiffs copies of Inventory Booklet forms to submit their inventory of damaged property, and requested Plaintiffs' examinations under oath. On January 8, 2007, ACFIC again provided these forms to Plaintiffs and made another request for the examinations under oath. On January 15, 2007, counsel for Plaintiffs submitted a sworn statement of proof of loss, and agreed to provide a " formal statement/examination under oath.[3] On January 25, 2007, counsel for ACFIC again requested a date on which he could obtain an examination under oath.[4] On February 13, 2007, counsel for ACFIC by letter requested a date on which he could obtain an examination under oath.[5] On February 15, 2007, counsel for Plaintiffs faxed a letter to counsel for ACFIC advising

that Mr. Doyle would "not submit himself to any informal examination that contains no parameters."[6] On March 15, 2007, Plaintiffs filed a Petition for Damages against ACFIC in the 14th Judicial District Court which was subsequently removed to this Court.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[7] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[8] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[9] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non- moving party's claim."[10] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[11] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[12] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[13] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[14]

## LAW AND ANALYSIS

ACFIC maintains that because Plaintiffs have refused to comply with the duties imposed upon them by the ACFIC policy, Plaintiffs are prohibited from filing suit. ACFIC specifically complains that Plaintiffs refused to submit to examinations under oath and failed to submit their loss on ACFIC's "AAA Inventory Booklets." Plaintiffs maintain that ACFIC has waived any argument they have that Plaintiffs filed to comply with any condition of the ACFIC policy because they waited over a year (November 28, 2006) to request the examination under oath and to resubmit their personal property claim using a AAA Inventory Booklet. Plaintiffs argue that if the examination under oath was necessary to investigate the claim, it should have taken place much earlier. Plaintiffs further argue that they had previously submitted a detailed itemized list of the personal property damage claim in spread sheet format as instructed by the ACFIC claims' adjuster, John Smith. Plaintiffs also provided to Mr. Smith a DVD of the personal contents of the home taken prior to Rita striking Southwest Louisiana. Additionally, ACFIC on at least two occasions following Hurricane Rita inspected the Doyle's home.

The Court has reviewed the AAA Inventory Booklet and the itemized list of the personal property damage claim submitted to ACFIC by Plaintiffs. The itemized list submitted by Plaintiffs actually provides more information for ACFIC to determine the value of the loss than the Inventory Booklet. The Inventory Booklet has four (4) columns for the claimant to fill out; (1) itemized description, (2) purchase date/place, (3) purchase price, and (4) replacement cost. The detailed itemized spreadsheet provided by the Plaintiffs has eleven (11) columns as follows; (1) description of item and damage, (2) # of items, (3) replace or repair, (4) item cost, (5) pre-tax loss, (6) 9% sales tax, (7) amount of loss, (8) age in years, (9) % depreciation[15], (10) amount

depreciation, and (11) ACV.[16] ACFIC's adjuster requested the detailed itemized spreadsheet format from Plaintiffs, and Plaintiffs complied with that request. The Court finds that ACFIC has not been prejudiced by Plaintiffs' failure to complete the Inventory Booklet because the itemized list provided by Plaintiffs actually provides more information.

ACFIC complains that Plaintiffs refused to submit to an oral examination. In a letter by Plaintiffs' counsel and pursuant to the advice of his counsel, Mr. Doyle objected to an informal examination with no parameters. The Court cannot interpret this to be an outright refusal to the examination as suggested by ACFIC. Furthermore, in their Answer to the instant litigation, albeit after suit was filed, Plaintiffs' counsel faxed to defense counsel a letter dated April 19, 2007, offering to make Plaintiffs available for deposition in accordance with the Federal Rules of Civil Procedure.[17]

## CONCLUSION

The Court finds that the itemized list submitted by Plaintiffs provided sufficient information for defendant, ACFIC, to determine the amount of personal property loss, and that Plaintiffs' refusal to submit to an informal examination without parameters was not an absolute refusal to comply with the policy's requirement of an oral examination. Plaintiffs submitted a video of their contents to the ACFIC claims adjuster; ACFIC should have this in their possession. Plaintiffs, on two occasions, at the request of the claims adjuster submitted an itemized list of their property damages. Plaintiffs have agreed to submit to an examination in accordance with the Federal Rules of Civil Procedure. On at least two occasions, Plaintiffs permitted ACFIC to inspect their home for their claims of property damage. Accordingly, the Court concludes that Plaintiffs have complied with the ACFIC insurance policy and will deny

the motion for summary judgment.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 10 day of

10 September, 2007

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

1 Defendants exhibit A, pp. 22-23.

2 *Id.* p. 26, Section I - CONDITIONS, ¶ 9.

3 Plaintiffs' exhibit E.

4 Plaintiffs' exhibit F.

5 Plaintiffs' exhibit G.

6 Plaintiffs' exhibit H.

7 Fed. R.Civ. P. 56(c).

8 *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

9 *Stewart v. Murphy,* 174 F.3d 530, 533 (5th Cir. 1999).

10 *Vera v. Tue,* 73 F.3d 604, 607 (5th Cir. 1996).

11 *Anderson,* 477 U.S. at 249.

12 *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).

13 *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

14 *Anderson,* 477 U.S. at 249-50.

15 The Court notes that even though the percent of depreciation column was filled out by Plaintiffs as zero, it is usually the insurance company that determines depreciation.

16 The Court will presume that ACV is actual cash value.

17 Exhibit B-2 attached to Plaintiffs' exhibit B.